2. LANDLORD AND TENANT, § 443*—*how lease cannot be terminated.* A lease cannot be terminated contrary to its covenants by parol.

3. CONTRACTS, § 251*—*how may not be modified.* A sealed executory contract cannot be changed, altered or modified by parol.

4. JUDGMENT, § 82*—*when denial of motion to vacate by confession is proper.* The trial judge does not abuse his discretion in denying a motion to vacate a judgment by confession where there are no facts stated, in an affidavit in support of a motion to vacate the judgment, which constitute any defense upon the merits.

### James F. Bishop, Administrator, Appellant, v. Rose H. Rowe, Appellee.

### Gen. No. 24,156.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in this court at the March term, 1918. Affirmed. Opinion filed July 1, 1918.

### Statement of the Case.

Bill by James F. Bishop, administrator of the estate of James Rowe, deceased, complainant, against Rose H. Rowe, defendant, to recover certain personal property averred to belong to the estate of defendant's deceased husband and which defendant contends was given her by her husband during his lifetime and by her reduced into possession. From a decree dismissing the bill for want of equity, complainant appeals.

FRED H. ATWOOD, CHARLES O. LOUCKS and VERNON R. LOUCKS, for appellant.

LANDON & HOLT, for appellee; ROBERT N. HOLT, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Bishop v. Rowe, 211 Ill. App. 514.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. HUSBAND AND WIFE, § 114*—*when not shown that bonds belonged to husband's estate.* In a suit by an administrator against the intestate's wife to recover bonds claimed to belong to the intestate's estate, where there is evidence that the husband informed the person through whom he purchased the bonds that he bought them for his wife and with her money; that he gave the money he earned to the wife with the understanding that what was not used for family expenses belonged to her; that the interest on the bonds was paid to the wife by checks to her order; that he inquired of the person through whom the bonds were purchased if anything further on his part was necessary to make her ownership effective, that she owned the bonds and the only property in which he had an interest was the homestead, which was held in joint tenancy by him and the wife; that the wife had always had the bonds in possession and received the interest; that the husband had no property at the time he was married and the accumulations were after the marriage and mainly by the wife's thrift, the bill is properly dismissed.

2. HUSBAND AND WIFE, § 69*—*what is sufficient consideration for gift to wife.* A gift by a husband to his wife can be sustained without any actual consideration other than that which arises from their relationship, love and affection being a sufficient consideration as between them.

3. HUSBAND AND WIFE, § 70*—*when equity will sustain gift to wife.* The rights of creditors not intervening, equity will sustain a gift from a husband to his wife as an executed consideration, where the possession of the subject of the gift is in the donee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.